O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| 939 LOFTS <br><br> Plaintiff, <br><br> v. <br><br> Caroline Simmons, <br><br> Defendant. | Case № 2:19-cv-9252-ODW-(MRWx) <br><br> **ORDER GRANTING MOTION TO REMAND [6]; DENYING APPLICATION FOR PERMISSION FOR ELECTRONIC FILING [3]** |

## I. INTRODUCTION

On October 28, 2019 Defendant Caroline Simmons removed this action to federal court based on federal question jurisdiction. (Notice of Removal, ECF No. 1.) After reviewing Defendant's Notice of Removal and Plaintiff's Motion to Remand (ECF No. 6), it is clear that no federal question jurisdiction exists, and therefore this Court lacks subject matter jurisdiction. Consequently, the Court **REMANDS** this unlawful detainer action to state court because Defendants improperly removed it to federal court. Additionally, because this unlawful detainer action is being remanded, this Court **DENIES** Defendant Caroline Simmons's Application for Permission for Electronic Filing (ECF No. 3) as **MOOT**.

## II. LEGAL STANDARD

Federal courts have subject matter jurisdiction only as authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court only if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a).

The removal statute is strictly construed against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006). The Court may remand the action "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); *see also United Inv'rs Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004).

## III. DISCUSSION

On October 29, 2019, Defendant, having been sued in what appears to be a routine unlawful detainer action in California state court, lodged a Notice of Removal of that action to this Court. (Notice of Removal.)

Simply stated, this action could not have been originally filed in federal court because the complaint does not competently allege facts supporting either diversity or federal question jurisdiction, and therefore removal is improper. 28 U.S.C. § 1441(a), *see Exxon Mobil Corp v. Allapattah Svcs., Inc.*, 545 U.S. 546, 563 (2005). Defendant's Notice of Removal only asserts that removal is proper based upon federal

question jurisdiction. However, the underlying unlawful detainer action does not raise any federal legal question.

"[T]he presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1091 (9th Cir. 2009) (quoting *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998) (internal quotation marks omitted). Plaintiff's Complaint prays for relief for unlawful detainer solely based on California's unlawful detainer laws. (Notice of Removal, Ex. 1 (Verified Complaint), ECF No. 1.) Because a claim for unlawful detainer does not by itself present a federal question or necessarily turn on the construction of federal law, no basis for federal question jurisdiction appears on the face of the Complaint.[1] Defendant's only means of asserting federal law are through federal defenses, which are not considered when evaluating jurisdiction. *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint.").

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

---

[1] *See, e.g.*, *U.S. Bank Nat'l Ass'n v. Tyler*, No. C 10-4033 PJH, 2010 WL 4918790, at *2 (N.D. Cal. Nov. 12, 2010) (holding that a single claim for unlawful detainer under state law did not provide a basis for federal question jurisdiction); *IndyMac Fed. Bank, F.S.B. v. Ocampo*, No. EDCV 09-2337 PA (DTBx), 2010 WL 234828, at *2 (C.D. Cal. Jan. 13, 2010) (same).

For the reasons discussed above, the Court **REMANDS** the action to Superior Court of California, County of Los Angeles, 111 North Hill Street, Los Angeles CA 90012, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c). Defendant Caroline Simmons's Application for Permission for Electronic Filing is **DENIED** as moot. The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

November 1, 2019

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**